No. 25-50092

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

ARTURO GONZALEZ,

Plaintiff-Appellee,

v.

EL CENTRO DEL BARRIO, DOING BUSINESS AS CENTROMED,

Defendant-Appellant.

_____

On Appeal from the United States District Court
for the Western District of Texas

_____

**BRIEF FOR THE UNITED STATES AS AMICUS CURIAE
IN SUPPORT OF APPELLEE**

_____

BRETT A. SHUMATE
  *Assistant Attorney General*

JUSTIN R. SIMMONS
  *United States Attorney*

DANIEL WINIK
URJA MITTAL
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7248*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 353-4895*

## CERTIFICATE OF INTERESTED PERSONS

A certificate of interested persons is not required, as this brief is being filed on behalf of the United States of America as *amicus curiae*.  *See* 5th Cir. R. 28.2.1.

# TABLE OF CONTENTS

**Page**

INTRODUCTION AND INTEREST OF AMICUS CURIAE.................................. 1

STATEMENT OF THE CASE ...................................................................... 3

    A.    Statutory Background ................................................................ 3

    B.    This Action ............................................................................... 6

SUMMARY OF ARGUMENT ...................................................................... 9

ARGUMENT ........................................................................................... 12

I.     CentroMed was not entitled to remove under 42 U.S.C. § 233(*l*)...................... 12

II.    Removal under 28 U.S.C. § 1442(a)(1) was both untimely and substantively improper ........................................................... 18

CONCLUSION ......................................................................................... 25

CERTIFICATE OF COMPLIANCE

ADDENDUM

# TABLE OF AUTHORITIES

**Cases:**                                                                                              **Page(s)**

*Agyin v. Razmzan*,
  986 F.3d 168 (2d Cir. 2021) .................................................................................. 11, 23

*Allen v. Christenberry*,
  327 F.3d 1290 (11th Cir. 2003) ................................................................................. 12

*Blumberger v. Tilley*,
  115 F.4th 1113 (9th Cir. 2024), *cert. denied*,
  No. 24-1072, 2025 WL 1727403 (U.S. June 23, 2025) ............................ 9-10, 12, 16

*BP P.L.C. v. Mayor of Baltimore*,
  141 S. Ct. 1532 (2021) ......................................................................................... 12, 24

*Buljic v. Tyson Foods, Inc.*,
  22 F.4th 730 (8th Cir. 2021) ..................................................................................... 23

*Chapman v. Powermatic, Inc.*,
  969 F.2d 160 (5th Cir. 1992) ................................................................................. 18, 19

*County of San Mateo v. Chevron Corp.*,
  32 F.4th 733 (9th Cir. 2022) ..................................................................................... 20

*Decatur Hosp. Auth. v. Aetna Health, Inc.*,
  854 F.3d 292 (5th Cir. 2017) ................................................................................. 18, 19

*Doe v. BJC Health Sys.*,
  89 F.4th 1037 (8th Cir. 2023) ................................................................................... 22

*Doe v. Cedars-Sinai Health Sys.*,
  106 F.4th 907 (9th Cir. 2024) ................................................................................... 22

*Doe v. Centerville Clinics Inc.*,
  No. 23-2738, 2024 WL 3666164 (3d Cir. Aug. 6, 2024) ........................................... 12

*El Rio Santa Cruz Neighborhood Health Ctr., Inc. v. U.S. HHS*,
  396 F.3d 1265 (D.C. Cir. 2005) ................................................................................. 24

*Ford v. Sandhills Med. Found., Inc.*,
  97 F.4th 252 (4th Cir. 2024) ...................................................................... 9, 13, 14, 23

*Hohn v. United States*,
  524 U.S. 236 (1998) ............................................................................................. 24-25

*Hui v. Castaneda,*
559 U.S. 799 (2010) ........................................................................................ 4

*International Primate Prot. League v. Administrators of Tulane Educ. Fund,*
500 U.S. 72 (1991) ......................................................................................... 21

*Martin v. LCMC Health Holdings, Inc.,*
101 F.4th 410 (5th Cir. 2024) ............................................................ 11, 21, 22

*Mays v. City of Flint,*
871 F.3d 437 (6th Cir. 2017) .......................................................................... 22

*Mumfrey v. CVS Pharmacy, Inc.,*
719 F.3d 392 (5th Cir. 2013) .......................................................................... 20

*Watson v. Philip Morris Cos., Inc.,*
551 U.S. 142 (2007) ............................................................................ 11, 22, 23

## Statutes:

Public Health Service Act:
42 U.S.C. § 233(a) ................................................ 1, 2, 3, 4, 5, 13, 16, 23
42 U.S.C. § 233(b) .............................................................................. 1, 4
42 U.S.C. § 233(c) .......................................................................... 1, 5, 15
42 U.S.C. § 233(g)(1)(A) .............................................................. 1, 3, 4, 21
42 U.S.C. § 233(g)(1)(B) ...................................................................... 4, 15
42 U.S.C. § 233(g)(1)(C) ........................................................................... 4
42 U.S.C. § 233(g)(4) ............................................................................... 3
42 U.S.C. § 233(h) .................................................................................... 3
42 U.S.C. § 233(*l*) ..................................................................... 2, 5, 8, 13
42 U.S.C. § 233(*l*)(1) ....................................................... 1, 4, 5, 13, 14, 15, 16
42 U.S.C. § 233(*l*)(2) ............................................................. 1, 5, 9, 14, 15

28 U.S.C. § 517 ............................................................................................. 1

28 U.S.C. § 1332(d) .................................................................................. 6, 8-9

28 U.S.C. § 1442(a)(1) ........................................................................ 2, 5, 18, 21

28 U.S.C. § 1446(b)(1) .................................................................................. 5, 6

28 U.S.C. § 1446(b)(3) .......................................................................... 6, 10, 19

iv

28 U.S.C. § 1453(b) ................................................................................ 6, 9

**Rule:**

Fed. R. App. P. 29(a) ................................................................................ 1

**Legislative Material:**

H.R. Rep. No. 102-823, pt. 1 (1992) ........................................................ 3

## INTRODUCTION AND INTEREST OF AMICUS CURIAE

Under 28 U.S.C. § 517 and Federal Rule of Appellate Procedure 29(a), the United States files this brief in support of appellee given the government's substantial interest in the proper construction of 42 U.S.C. § 233.

In § 233, the United States assumed liability for personal injury suits "resulting from the performance of medical, surgical, dental, or related functions" against employees of the U.S. Public Health Service acting within their scope of employment. 42 U.S.C. § 233(a). The exclusive remedy for such suits is a tort action against the United States under the Federal Tort Claims Act (FTCA). *See id.* In the Federally Supported Health Centers Assistance Act, known as the Health Centers Act, Congress extended FTCA coverage to certain federally supported health centers for certain services and patients. *See id.* § 233(a), (g)(1)(A).

This case concerns § 233's provisions governing the removal of suits against federally supported health centers. When such a suit is filed in state court, the health center must notify the federal government of it, and the Attorney General must determine whether the alleged conduct is covered under the Health Centers Act and FTCA. *See* 42 U.S.C. § 233(b)-(c). If the Attorney General determines the suit is covered, the Attorney General removes the suit and effectuates the substitution of the United States as the defendant. *See id.* § 233(c). If the Attorney General fails to appear in state court within 15 days of being notified of the suit, the health center may remove the suit. *See id.* § 233(*l*)(1)-(2). Otherwise, the health center has no right to remove.

Plaintiff Arturo Gonzalez filed this action in state court against private health center El Centro del Barrio, known as CentroMed, of which he was a patient. The suit alleges that CentroMed did not adequately safeguard private patient data and that a subsequent data breach injured Gonzalez and a putative class of other patients. Because Gonzalez's suit concerns conduct not covered by the statute—namely, conduct not "resulting from the performance of medical, surgical, dental or related functions," 42 U.S.C. § 233(a)—the suit could not be removed to federal court. The Attorney General appeared in state court within 15 days of being notified of the suit to inform the court accordingly. CentroMed nevertheless removed the suit. The federal district court concluded that CentroMed was not entitled to remove the case under the Health Centers Act, 42 U.S.C. § 233(*l*), or the federal-officer removal statue, 28 U.S.C. § 1442(a)(1), and remanded it to state court.

This Court should affirm. A contrary decision would undermine the United States' administration and enforcement of the Health Centers Act by allowing health centers to remove suits to federal court even when those suits do not implicate functions covered by the Health Centers Act and even when the government has determined that the health centers are not deemed to be Public Health Service employees for purposes of the alleged acts or omissions.

## STATEMENT OF THE CASE

### A.    Statutory Background

**1. a.**   In relevant part, the Public Health Service Act governs personal injury claims "resulting from the performance of medical, surgical, dental, or related functions" by employees of the U.S. Public Health Service acting within the scope of their employment. 42 U.S.C. § 233(a). The exclusive remedy for such a claim is a tort action against the United States under the Federal Tort Claims Act (FTCA). *See id.* In the Health Centers Act, Congress extended FTCA coverage under the Public Health Service Act to private health centers that receive federal grant funding, to "eliminate the need for these health centers to purchase medical malpractice insurance" for certain services and patients and "free up more resources to provide additional health care services." H.R. Rep. No. 102-823, pt. 1, at 3 (1992).

For a federally supported health center to be eligible for this protection from liability, the health center must first be "deemed" to be a part of the Public Health Service for certain services for the calendar year. To be deemed, the health center must be approved for qualifying grant funds, *see* 42 U.S.C. § 233(g)(4), and must submit an application to the U.S. Department of Health and Human Services (HHS) showing that it meets the enumerated requirements. *See id.* § 233(g)(1)(A), (h). By approving the application, HHS "deem[s]" the entity and its officers, employees, and qualified contractors to be Public Health Service employees for the calendar year "[f]or purposes

of" § 233. *Id.* § 233(g)(1)(A). The deeming determination covers only services provided to the health center's patients and certain nonpatients. *See id.* § 233(g)(1)(B)-(C).

For a particular lawsuit to be covered by the FTCA—that is, for the United States to be named as the proper defendant in the action under the FTCA—the alleged acts or omissions must be covered under the Health Centers Act. Coverage is available only in suits "for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions." 42 U.S.C. § 233(a); *see also id.* § 233(g)(1)(A); *Hui v. Castaneda*, 559 U.S. 799, 806 (2010).

**b.** The statute also specifies the procedure for determining whether a lawsuit is covered by the FTCA.

When a suit is filed against a federally supported health center in state court, the health center is required to notify the federal government. *See* 42 U.S.C. § 233(b). If the suit is against an entity receiving federal funds under 42 U.S.C. § 254b and "for damages described in subsection (a)"—that is, "for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions," *id.* § 233(a)—then the statute provides that "the Attorney General, within 15 days after being notified" of the suit, "shall make an appearance" in the state court and "advise such court as to whether the Secretary has determined under subsections (g) and (h)" that the defendant "is deemed to be an employee of the Public Health Service for purposes of [§ 233] with respect to the actions or omissions that are the subject of such civil action," *id.* § 233(*l*)(1).

If the Attorney General determines that the alleged conduct is covered, the Attorney General certifies as much and removes the case to federal court. *See* 42 U.S.C. § 233(c). The United States is then substituted as a defendant, and the suit proceeds against the United States under the FTCA. *See id.* § 233(a), (c).

If § 233(*l*)(1) calls for the Attorney General to appear, and the Attorney General nevertheless "fails to appear in State court" within 15 days "after being notified" of the complaint, then the defendant may remove the case to federal court for a determination "as to the appropriate forum or procedure for the assertion of the claim for damages." *Id.* § 233(*l*)(1)-(2). There is no statutory mechanism for the defendant to remove the case to federal court if § 233(*l*) does not call for the Attorney General to appear in state court or if the Attorney General timely appeared under § 233(*l*)(1).

**2.** Other statutes govern the removal of civil suits more generally. First, the federal-officer removal statute, 28 U.S.C. § 1442(a)(1), provides that "[a] civil action … commenced in a State court … against … [t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right" may be removed to federal district court. 28 U.S.C. § 1442(a)(1). Such a case must be removed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *Id.* § 1446(b)(1). "[I]f the case stated by the initial pleading is not removable, a notice of

removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3).

Second, the Class Action Fairness Act, codified in relevant part at 28 U.S.C. § 1332(d), governs the removal of certain class actions to federal court. The removal of such actions must be consistent with 28 U.S.C. § 1446. *See* 28 U.S.C. § 1453(b).

### B.     This Action

El Centro Del Barrio, doing business as CentroMed, is a private organization that receives federal funding to provide medical services. HHS has deemed CentroMed a Public Health Service employee for those services annually since 2010. *See* ROA.1-2. Plaintiff Arturo Gonzalez, a CentroMed patient, filed this case as a putative class action in Texas state court, alleging that CentroMed failed to properly safeguard private patient information and that CentroMed's negligence allowed an unauthorized third party to access that information. *See* ROA.32-34. Gonzalez served CentroMed on June 26, 2024, *see* ROA.308.

The U.S. Attorney's Office for the Western District of Texas was notified of this suit on July 8, 2024. *See* ROA.301. On July 12, the U.S. Attorney's Office advised the state court that HHS had deemed CentroMed an employee of the Public Health Service for the time period at issue, but that the government had not yet advised whether CentroMed's deemed status extended to the acts or omissions that were the subject of

the suit. *See* ROA.103-104; *see also* ROA.301. On July 23, fifteen days after it had received the initial notice, the U.S. Attorney's Office advised the state court that CentroMed "was not deemed to be a Public Health Service employee for purposes of the acts or omissions giving rise to the suit and that this action therefore is not subject to the provisions of 42 U.S.C. § 233." ROA.106; *see also* ROA.301. The notice also explained that "Plaintiffs' claims, which allege harms resulting from a criminal data breach, are neither claims for 'personal injury, including death' within the meaning of 42 U.S.C. § 233(a), nor claims for medical malpractice of the kind that the Federally Supported Health Centers Assistance Act is intended to cover." ROA.106.

CentroMed removed the suit to federal court on August 2, 2024, invoking 42 U.S.C. § 233(*l*)(2), 28 U.S.C. § 1442(a)(1), and 28 U.S.C. § 1332(d). *See* ROA.302. Gonzalez moved to remand, and the United States, appearing as a non-party to the litigation, filed a notice agreeing that the removal was improper. *See* ROA.302.

The district court granted the motion to remand. First, the district court concluded that removal was not proper under 42 U.S.C. § 233. The district court explained that removal under § 233(c) was not available because the government had not certified that CentroMed was deemed a Public Health Service employee with respect to the actions or omissions at issue—namely, CentroMed's alleged negligence in adopting cybersecurity safeguards for its patient data. *See* ROA.303-04. And the district court concluded that removal under § 233(*l*) "is not proper if the Attorney General timely appears" in state court, even if the Attorney General "advises that no

determination has been made regarding a defendant's § 233 status." ROA.304. "Because the United States Attorney appeared in state court within fifteen days of receiving notice of the action," the district court reasoned, CentroMed's "removal under § 233(*l*)(2) was procedurally improper." ROA.305. The district court further noted that removal is improper if the Attorney General appears within the statutory 15-day period and "asserts that the defendant is not covered," ROA.304, as occurred here. The court rejected CentroMed's contention that the government's initial appearance and advice to the state court were insufficient under 42 U.S.C. § 233(*l*)(1). *See* ROA.305-06.

Second, the district court held that removal under the federal-officer removal statute, 28 U.S.C. § 1442(a)(1), was untimely and therefore improper. *See* ROA.308. Because CentroMed took 37 days to file its notice of removal, the district court ruled that the removal was untimely under 28 U.S.C. § 1446(b)(1). *See* ROA.308. The court rejected CentroMed's argument that the government's state-court notices rendered the removal timely under 28 U.S.C. § 1446(b)(3). *See* ROA.309. The court explained that the government's first filing in the state court informed the state court that CentroMed was deemed to be a Public Health Service employee for the year, which CentroMed already knew, and the government's second filing apprised the court that CentroMed was not deemed to be a Public Health Service employee for purposes of the acts or omissions giving rise to the suit, which did not support removal. *See* ROA.308. Because the same 30-day bar governs removal under the Class Action Fairness Act, 28 U.S.C.

§ 1332(d), the court held that removal on that basis was likewise improper. *See* ROA.309 (citing 28 U.S.C. § 1453(b)).

CentroMed appealed.

## SUMMARY OF ARGUMENT

**I. A.** CentroMed's removal under 42 U.S.C. § 233(*l*)(2) was improper because this suit does not implicate the removal provisions set forth in § 233(*l*). For removal under § 233(*l*) to be available, the suit must be one for "damages described in" 42 U.S.C. § 233(a), which provides an exclusive remedy under the FTCA only for suits seeking damages "for personal injury, including death, resulting from the performance of medical, surgical, dental or related functions." A suit seeking damages arising from a data breach at a health center does not qualify. *See Ford v. Sandhills Med. Found., Inc.*, 97 F.4th 252 (4th Cir. 2024). The government advised the state court as much.

Even if § 233(*l*) were implicated, CentroMed's removal under § 233(*l*)(2) would be improper because the government appeared in state court within 15 days of being notified of the complaint and provided the advice contemplated by § 233(*l*)(1). The government advised the state court that CentroMed was not deemed a Public Health Service employee for purposes of the alleged actions or omissions. Thus, this is not a case in which the government "fail[ed] to appear in State court within" the statutory time period. 42 U.S.C. § 233(*l*)(2).

**B.** CentroMed's contrary arguments lack merit. The Ninth Circuit's decision in *Blumberger v. Tilley*, 115 F.4th 1113 (9th Cir. 2024), *cert. denied*, No. 24-1072, 2025 WL

1727403 (U.S. June 23, 2025), is distinct from this case, because it was a medical-malpractice case and sought precisely the kind of damages described in 42 U.S.C. § 233(a). And the government here provided exactly the "negative" advice that *Blumberger* contemplated when it concluded that the claims against CentroMed were not covered because they do not arise out of the performance of medical, surgical, dental, or related functions. CentroMed's other arguments about construing the removal provisions in favor of a federal forum or judicial review are likewise unavailing.

**II. A.** CentroMed's removal under 28 U.S.C. § 1442(a)(1) was also inappropriate because the removal was both untimely and substantively improper. The notice of removal was filed 37 days after service of the complaint, beyond the 30-day limit in 28 U.S.C. § 1446(b)(1). CentroMed's removal under this statute as a "federal officer" or private entity "acting under" a federal officer was premised on having been deemed for the year—a status of which it was aware when the pleading was filed. And CentroMed learned no new information from either of the government's notices that would have supported removal later, *see* 28 U.S.C. § 1446(b)(3).

**B.** Even if CentroMed's notice of removal had been timely, CentroMed would have been ineligible to remove under 28 U.S.C. § 1442(a)(1) because it is neither a federal officer nor "acting under" a federal officer within the meaning of the statute. CentroMed is a private organization and was deemed a Public Health Service employee only "[f]or purposes of" 42 U.S.C. § 233, not for 28 U.S.C. § 1442(a)(1).

Nor was CentroMed "acting under" a federal officer in the context of the acts or omissions alleged to have injured plaintiffs. CentroMed has not shown that it was acting pursuant to a federal officer's directions, or that the alleged conduct was connected to or associated with a federal officer's directions. *See Martin v. LCMC Health Holdings, Inc.*, 101 F.4th 410, 414 (5th Cir. 2024). Even if CentroMed could be understood to have been acting in some sense under the government's control or direction, it certainly was not engaged in "an effort to *assist*, or help *carry out*, the duties or tasks of [a] federal superior," *Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142, 152 (2007). Nor does receiving federal grant funding transform CentroMed into an entity "acting under" a federal officer for removal purposes. CentroMed also does not assert a colorable federal defense sufficient to support removal, since the alleged conduct is not a health-center function covered by 42 U.S.C. § 233(a).

CentroMed relies largely on *Agyin v. Razmzan*, 986 F.3d 168 (2d Cir. 2021). But *Agyin* was incorrect, and it is also distinguishable from this case because it involved a medical-malpractice suit, not a data-breach suit. *See id.* at 173. *Agyin*'s reasoning that "federal oversight and control" of the health center's medical functions rendered it an entity "acting under" a federal officer does not carry over to the data-breach context. Moreover, the "acting under" analysis in *Agyin* was dicta, since the question presented there was whether the case had been "removed pursuant to section 1442," *id.* at 184, and the Supreme Court subsequently held that the "acting under" question is

determined based on the contents of the notice of the removal, not whether the statute authorizes removal. *See BP P.L.C. v. Mayor of Baltimore*, 141 S. Ct. 1532, 1539 (2021).

## ARGUMENT

### I.  CentroMed was not entitled to remove under 42 U.S.C. § 233(*l*).

**A.** The district court concluded that CentroMed was not entitled to remove this case under 42 U.S.C. § 233(*l*)(2) because the government's initial appearance in state court, advising the state court that it had not yet determined whether CentroMed was deemed a Public Health Service employee for purposes of the acts or omissions giving rise to this suit, occurred within the statutory 15-day period after the government was notified of this suit. That reasoning is consistent with some prior decisions. *See Allen v. Christenberry*, 327 F.3d 1290, 1295 (11th Cir. 2003); *Doe v. Centerville Clinics Inc.*, No. 23-2738, 2024 WL 3666164, at *2 (3d Cir. Aug. 6, 2024). But it is in tension with some reasoning in another decision. *See Blumberger v. Tilley*, 115 F.4th 1113, 1139-1140 (9th Cir. 2024), *cert. denied*, No. 24-1072, 2025 WL 1727403 (U.S. June 23, 2025).

This Court need not address this issue here because the district court's remand order can and should be affirmed on either of two alternative grounds: (1) that this suit does not implicate § 233(*l*) at all or (2) that, even if § 233(*l*) is implicated, the government's second filing in state court—notifying the court that CentroMed is not covered for the actions or omissions giving rise to this suit—was filed within 15 days and precluded removal under § 233(*l*)(2).

**1.** First, because this suit alleges damages resulting from a data breach, it does not implicate § 233(*l*). As explained, § 233(*l*) governs the removal of a particular type of case—namely, "a civil action or proceeding" that "is filed in a State court against any entity described in subsection (g)(4) or any officer, governing board member, employee, or any contractor of such an entity for damages described in subsection (a)." 42 U.S.C. § 233(*l*)(1). The "damages described in subsection (a)," *id.*, in turn, are damages "for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions," *id.* § 233(a).

In this case, § 233(*l*) does not apply because the "damages described" in the complaint are not "damage[s] for personal injury … resulting from the performance of medical, surgical, dental, or related functions," 42 U.S.C. § 233(a), (*l*); ROA.106 (U.S. Attorney's Office advising state court that the damages described in this suit are not covered under § 233(a)). As the Fourth Circuit explained in *Ford v. Sandhills Medical Foundation, Inc.*, 97 F.4th 252 (4th Cir. 2024), the "storage of patient [personal identifying information] is not in and of itself a medical, surgical, or dental function," *id.* at 258, and the phrase "related functions" likewise "extend[s] only to the provision of health care," *id.* at 260. The statutory context bolsters that inference from the text. Section 233(a) lists "the conduct of clinical studies or investigation" as an example of a "related function[]" and explains that the United States will be substituted as defendant solely for claims "for damage for personal injury, including death," all of which suggests that the types of damages with which the statute is concerned are damages arising from the

13

provision of health care. As the Fourth Circuit held, damages from a data breach resulting from a health center's alleged failure to safeguard private patient data do not "arise from the provision of health care" and therefore do not fall within § 233(a). *Ford*, 97 F.4th at 260.

Because this is not an action "for damages described in [42 U.S.C. § 233(a)]," § 233(*l*)(1) did not call for the government to appear and provide advice to the state court. And the removal right provided by § 233(*l*)(2) is likewise unavailable. Section 233(*l*)(2) provides for the removal of only those actions described in § 233(*l*)(1), since it is triggered by the Attorney General's failure to make an appearance called for under § 233(*l*)(1). And the inference that § 233(*l*)(2) applies only in cases seeking damages described in § 233(a) is bolstered by the statutory language stating that, after a removal under § 233(*l*)(2), the district court must "conduct a hearing[] and make[] a determination[] as to the appropriate forum or procedure for the assertion of the claim for damages described in subsection(a)." 42 U.S.C. § 233(*l*)(2).

Thus, contrary to CentroMed's arguments, a health center does not acquire the right to remove by virtue of its "deemed federal status for the period in which the events giving rise to the claim occurred." Br. 17; *see also* Br. 24. For § 233(*l*)'s removal provisions to apply, the action must be one "for damages described in subsection (a)," 42 U.S.C. § 233(*l*)(1), and for the health center to remove under § 233(*l*)(2), the Attorney General must "fail[] to appear in State court" within 15 days to advise the state court

whether the Secretary's deeming determination applies to the suit, *id.* § 233(*l*)(2). Neither condition is satisfied here.

**2.** Even if § 233(*l*) were implicated here, removal under § 233(*l*)(2) would be unavailable because the government appeared in state court within 15 days of being notified of the complaint and provided the advice contemplated by § 233(*l*)(1). In particular, the government advised the court that CentroMed was not deemed a Public Health Service employee for purposes of the "actions or omissions that are the subject of" plaintiff's claims. 42 U.S.C. § 233(*l*)(1); *see id.* § 233(g)(1)(B) (explaining that the deeming "shall apply" only "with respect to" certain "services provided"); *see also id.* § 233(c) (noting that the only cases that may be removed by the Attorney General under § 233 are those "in which a remedy by suit within the meaning of subsection (a) of this section" is available). Because the government appeared within 15 days and gave the state court the advice contemplated by § 233(*l*)(1), this is not a case where the government "fail[ed] to appear in State court within" the statutory time period, *id.* § 233(*l*)(2), and CentroMed therefore had no right to remove it.[1]

---

[1] The record confirms that the Attorney General was notified of the suit on July 8, 2024, *see* ROA.198; that the Attorney General advised the state court that CentroMed was not deemed a Public Health Service employee for the alleged conduct on July 23, *see* ROA.106-107, ROA.199; and that the Attorney General served all parties with the state-court notice on July 23, *see* ROA.108, ROA.119. The state-court docket confirms that the government's notice was deemed filed on July 23. *See* ROA.64. Therefore, CentroMed is incorrect that that notice was not filed until July 30. *See* Br. 10. That is when the hard copy of the filed document was stamped "received" by the court, *see* ROA.117, not the date on which the court deemed the document filed, *see* ROA.106.

**B. 1.** Contrary to CentroMed's contentions (Br. 18-20), the Ninth Circuit's decision in *Blumberger* does not suggest a different result. There, the Ninth Circuit addressed removal under the Health Centers Act in the context of a medical-malpractice case. *See* 115 F.4th at 1119-21. A majority of the Ninth Circuit panel held that the government should have removed the case after appearing in state court, because the defendant health center was deemed for the time period relevant to the complaint, and the allegations arose from the "performance of medical, surgical, dental, or related functions." *See id.* at 1129-35.

Even if *Blumberger* were binding here, it would not undermine the conclusion that removal was improper. Unlike this case, *Blumberger* involved medical-malpractice claims, which sought "damages described in subsection (a)," 42 U.S.C. § 233(*l*)(1)—namely, damages "resulting from the performance of medical, surgical, dental, or related functions," *id.* § 233(a). As a result, § 233(*l*)'s removal provisions were applicable, whereas those provisions are inapplicable here for the reasons discussed above. And even where § 233(*l*) is applicable, *Blumberger* recognized, a deemed entity is covered under the FTCA only for claims arising out of the "performance of medical, surgical, dental, or related functions," *Blumberger*, 115 F.4th at 1130, so the government may provide "negative" advice to the state court—that is, it may advise the state court that the defendant is not deemed to be a Public Health Service employee for purposes of the acts or omissions giving rise to the suit—"if the acts or omissions identified in the complaint fall outside the category of services for which the defendant is deemed," *id.*

at 1130-31.  Thus, even under *Blumberger*'s reasoning, the Attorney General properly advised the state court that Gonzalez's data-breach claims were not covered under the FTCA.

2.  CentroMed's remaining arguments contravene the plain text of the statute. CentroMed's leading contention is that "42 U.S.C. § 233(*l*)(2) should be broadly construed in favor of a federal forum," Br. 16, but this generalized assertion ignores the plain text of 42 U.S.C. § 233(c) and § 233(*l*).  In these provisions, Congress specified the circumstances in which cases against federally supported health centers may be removed.  Those circumstances are not present here.  CentroMed's authorities concerning the federal-officer removal statute (Br. 17) do not compel a contrary conclusion.

Nor does the government's position foreclose federal judicial review (CentroMed Br. 18-20).  When a health center removes a case, the propriety of removal is subject to federal judicial review, and in a case like this one, the government's determination that the suit does not seek the kind of "damages described in" § 233(a) is bound up in the review of whether § 233(*l*) is applicable.  Although the district court did not address the § 233(a) issue, this Court may consider this purely legal issue for affirmance.  And for much the same reasons, CentroMed's arguments premised on the purpose and legislative history of the statute (Br. 28-31) are unavailing.

This Court therefore should affirm the district court's ruling that removal under § 233(*l*)(2) was improper.

## II. Removal under 28 U.S.C. § 1442(a)(1) was both untimely and substantively improper.

CentroMed likewise did not properly remove this case under the federal-officer removal statute, 28 U.S.C. § 1442(a)(1).

**A.** First, the district court correctly determined that CentroMed's removal under 28 U.S.C. § 1442(a)(1) was untimely. Under 28 U.S.C. § 1446(b)(1), CentroMed had 30 days from its "receipt" of the "initial pleading" to remove the case to federal court. It failed to do so: Gonzalez served CentroMed on June 26, 2024, and CentroMed did not file its notice of removal until 37 days later. If a case's removability is apparent from the face of the initial pleading, then the notice of removal "must be filed within thirty days from the receipt of the initial pleading by the defendant." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir. 1992); *see also Decatur Hosp. Auth. v. Aetna Health, Inc.*, 854 F.3d 292, 297 (5th Cir. 2017) (affirming remand order because notice of removal was filed more than 30 days after service of the state-court petition). The district court's remand order was therefore appropriate on this ground alone.

Relying on 28 U.S.C. § 1446(b)(3), CentroMed contends that it was not evident from the complaint that the case was removable, and that the 30-day clock started only upon the government's second notice to the state court, which stated that the alleged conduct was not covered under the Health Centers Act and FTCA. *See* Br. 34-36. But the district court correctly rejected that argument because neither of the Attorney General's state-court filings provided new information that supported starting the 30-

day clock later. The government's initial notice advised only that CentroMed had been deemed a Public Health Service employee for the calendar year—a fact CentroMed knew already, *see* ROA.6-7. And the government's subsequent notice to the state court advised that the specific acts and omissions alleged in the complaint were not covered by HHS's deeming decision. That is not new information from which CentroMed could have "ascertained" for the first time that the case was "or ha[d] become removable," 28 U.S.C. § 1446(b)(3). CentroMed does not explain how either of the government's state-court notices provided any new information supporting removal that was not known to CentroMed at the time it was served with the complaint. *See* Br. 35-37. *See Decatur Hosp. Auth.*, 854 F.3d at 297 (affirming remand when the notice of removal was filed more than 30 days after service of initial pleading when the federal court "perceive[d] no aspect of [defendant's] theory of removability that would have only become apparent" from the service of "other paper" later).

This case does not implicate any concerns about a court needing to "inquire into what a particular defendant may or may not subjectively know," *Chapman*, 969 F.2d at 163, because in this case, the fact that CentroMed itself notified HHS of the suit consistent with its obligations under 42 U.S.C. § 233(b), *see* ROA.109, ROA.198, establishes that CentroMed was aware that it had submitted a deeming application and been deemed a Public Health Service employee for the year, even though the government had not yet determined whether the conduct challenged in the complaint was covered under the FTCA pursuant to 42 U.S.C. § 233(a) and (g). In the line of

cases that CentroMed invokes (Br. 36-37), courts declined to undertake an inquiry into defendants' subjective knowledge to "prevent[] courts from expending copious time determining what a defendant should have known or have been able to ascertain at the time of the initial pleading." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013). But here it is clear, without the need for factual development, that CentroMed knew of its deemed status for the year. Nor does this case, which does not implicate diversity jurisdiction, present any concern about "encouraging defendants to remove cases prematurely" out of an abundance of caution "when it is unclear that the initial pleading satisfies the amount in controversy." *Id.* In short, this case bears no resemblance to the line of cases that CentroMed cites in its attempt to skirt the 30-day removal clock.

**B.** Even if CentroMed's notice of removal had been timely, CentroMed would have been ineligible to remove the case under 28 U.S.C. § 1442(a)(1) because it is neither a federal officer nor "acting under" a federal officer within the meaning of the statute. CentroMed is not a federal officer because it is a private organization, not a federal employee or an entity exercising significant authority on behalf of the federal government. *See County of San Mateo v. Chevron Corp.*, 32 F.4th 733, 756 (9th Cir. 2022) ("When Congress first enacted § 1442(a)(1), the phrase 'officer of the United States' was generally understood as a term of art that referred to federal officers who 'exercis[ed] significant authority.'" (alteration in original) (quoting *International Primate Prot. League v. Administrators of Tulane Educ. Fund*, 500 U.S. 72, 81 (1991))). And

CentroMed's status as a deemed entity did not make it a federal officer for purposes of the removal statute, 28 U.S.C. § 1442(a)(1), as it suggests (Br. 37). Under the statute, CentroMed was deemed an employee of the Public Health Service only "[f]or purposes of" 42 U.S.C. § 233. 42 U.S.C. § 233(g)(1)(A). The Health Centers Act does not transform health centers into federal employees for purposes of any other statute.

CentroMed was also not "acting under" a federal officer within the meaning of the statute when it engaged in the conduct alleged to have caused injury. Under Fifth Circuit case law, for a private defendant to remove on this theory under the federal-officer removal statute, it must assert a "colorable federal defense"; be a "person" under the federal-officer removal statute; show that it "acted pursuant to a federal officer's directions"; and demonstrate that the "charged conduct is connected or associated with an act pursuant to a federal officer's directions." *Martin v. LCMC Health Holdings, Inc.*, 101 F.4th 410, 414 (5th Cir. 2024). CentroMed has not shown that it meets this standard.

**1.** First, CentroMed has not shown that it was acting pursuant to a federal officer's directions or that the conduct alleged in the complaint—the inadequate safeguarding of private patient data—was connected to or associated with a federal officer's directions. Contrary to CentroMed's suggestions (Br. 38-39), it is well established that private actors do not "act under" federal officers for purposes of the removal statute simply by complying with federal regulations or being subject to federal oversight, "even if the regulation is highly detailed and even if the private firm's

activities are highly supervised and monitored." *Watson v. Philip Morris Cos.*, 551 U.S. 142, 153 (2007); *see also Martin*, 101 F.4th at 415.

Even if CentroMed could be understood to have been acting in some sense under the control or direction of the government, moreover, it certainly was not engaged in "an effort to *assist*, or to help *carry out*, the duties or tasks of [a] federal superior," *Watson*, 551 U.S. at 152, as it contends (Br. 38-40). When CentroMed established and administered its data-security systems to protect patient information, it was carrying out its own duties, not any governmental duty. A health center's services may benefit the public, but they are not services that, "in the absence" of federal grant funding, "the Government itself would have had to" provide, *Watson*, 551 U.S. at 154. Nor does the receipt of federal grant funding make CentroMed an entity "acting under" a federal officer for removal purposes, as CentroMed suggests in passing (Br. 39-40). *See Mays v. City of Flint*, 871 F.3d 437, 444 (6th Cir. 2017); *accord Doe v. BJC Health Sys.*, 89 F.4th 1037, 1045 (8th Cir. 2023); *Doe v. Cedars-Sinai Health Sys.*, 106 F.4th 907, 918 (9th Cir. 2024). A private entity cannot rely on the federal-officer removal statute when "the federal government provided *it* assistance, rather than the other way around." *Buljic v. Tyson Foods, Inc.*, 22 F.4th 730, 740 n.4 (8th Cir. 2021).

**2.** CentroMed is also ineligible to invoke the federal-officer removal statute for a second reason: It does not assert a colorable federal defense. CentroMed characterizes the immunity afforded by § 233 as its federal defense (Br. 37), but HHS never deemed CentroMed a Public Health Service employee for its data-security services, and § 233

does not cover such health-center functions in any event, *see* 42 U.S.C. § 233(a); *Ford*, 97 F.4th at 260.

**3.** CentroMed bases its invocation of federal-officer removal jurisdiction largely on the Second Circuit's decision in *Agyin v. Razmzan*, 986 F.3d 168 (2d Cir. 2021). *See* Br. 39-40. *Agyin*'s reliance on "federal oversight and control" as a basis for concluding that the health center was "acting under" federal officers is inconsistent with the body of law discussed above, *see, e.g.*, *Watson*, 551 U.S. at 157. But even if it were correct, *Agyin* is easily distinguishable here.

*Agyin* concluded that a health-center physician could invoke 28 U.S.C. § 1442(a)(1) to remove a medical-malpractice suit, *see Agyin*, 986 F.3d at 173-83, not a data-breach suit, and even on its own terms, *Agyin*'s reasoning does not extend to data-breach suits. *Agyin* relied heavily on "federal oversight and control" as a basis for concluding that the health center defendant in that case was acting under a federal officer, *see* 986 F.3d at 178, but that logic is inapplicable to data-breach cases, since a health center's oversight and management of patient data is in the health center's purview, not the federal government's. The regulations that CentroMed cites, governing HHS employee deposition testimony (Br. 40-41), do not establish federal oversight or control of health centers' data security, or even their operations. Finally, CentroMed's reliance on *Agyin* is misplaced because that decision's "acting under" analysis was dicta: The only issue the court was required to address was whether the case had been "removed pursuant to section 1442," *Agyin*, 986 F.3d at 184, and as the

Supreme Court subsequently held, whether a case was "removed pursuant to" 28 U.S.C. § 1442 turns on the contents of the defendant's notice of removal, not on whether 28 U.S.C. § 1442 "authorizes removal." *BP P.L.C. v. Mayor of Baltimore*, 141 S. Ct. 1532, 1539 (2021).

Thus, CentroMed not only failed to show that its removal under the federal-officer removal statute was timely, but it also failed to establish that it was substantively entitled to remove under this statute. CentroMed cannot circumvent these shortcomings through assorted citations to the government's removal notices in unrelated cases (Br. 41-42), which have no bearing here and do not alter the statutory requirements that CentroMed has failed to meet.

Notably, Congress would have had no need to enact the removal scheme in 42 U.S.C. § 233 specific to deemed health centers if health centers could properly invoke the federal-officer removal statute to remove cases filed against them on the basis of their "deemed" status. Congress added § 233(*l*) to the Health Centers Act "to protect a covered defendant against a default judgment." *El Rio Santa Cruz Neighborhood Health Ctr., Inc. v. U.S. HHS*, 396 F.3d 1265, 1272 (D.C. Cir. 2005). On CentroMed's proposed reading of the statute, the removal provisions enacted in 42 U.S.C. § 233 would be superfluous, since federally supported health centers would already have been free to remove actions filed against them under 28 U.S.C. § 1442(a)(1). This Court should reject this reading of the federal-officer removal statute. *See Hohn v. United States*,

524 U.S. 236, 249 (1998) ("We are reluctant to adopt a construction making another statutory provision superfluous.").

## CONCLUSION

For the foregoing reasons, the district court's remand order should be affirmed.

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*

JUSTIN R. SIMMONS
*United States Attorney*

DANIEL WINIK

*s/ Urja Mittal*
URJA MITTAL
*Attorneys, Appellate Staff*
*Civil Division, Room 7248*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 353-4895*
*urja.mittal@usdoj.gov*

August 2025

**CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 29(a)(5) because it contains 6,491 words. This brief also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) because it was prepared using Word for Microsoft 365 in Garamond 14-point font, a proportionally spaced typeface.

*s/ Urja Mittal*
URJA MITTAL

# ADDENDUM

**TABLE OF CONTENTS**

28 U.S.C. § 1442 ................................................................................................ A1

28 U.S.C. § 1446 ................................................................................................ A2

42 U.S.C. § 233.................................................................................................. A3

**28 U.S.C. § 1442 – Federal officers or agencies sued or prosecuted**

(a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

**28 U.S.C. § 1446 – Procedure for removal of civil actions**

(a) Generally.--A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

(b) Requirements; generally.—

    (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

    (2)

        (A) When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.

        (B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.

        (C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.

    (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

## 42 U.S.C. § 233 – Civil actions or proceedings against commissioned officers or employees

### (a) Exclusiveness of remedy

The remedy against the United States provided by sections 1346(b) and 2672 of Title 28, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under section 1346(b) of Title 28, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

### (b) Attorney General to defend action or proceeding; delivery of process to designated official; furnishing of copies of pleading and process to United States attorney, Attorney General, and Secretary

The Attorney General shall defend any civil action or proceeding brought in any court against any person referred to in subsection (a) of this section (or his estate) for any such damage or injury. Any such person against whom such civil action or proceeding is brought shall deliver within such time after date of service or knowledge of service as determined by the Attorney General, all process served upon him or an attested true copy thereof to his immediate superior or to whomever was designated by the Secretary to receive such papers and such person shall promptly furnish copies of the pleading and process therein to the United States attorney for the district embracing the place wherein the proceeding is brought, to the Attorney General, and to the Secretary.

### (c) Removal to United States district court; procedure; proceeding upon removal deemed a tort action against United States; hearing on motion to remand to determine availability of remedy against United States; remand to State court or dismissal

Upon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States of the district and division embracing the place wherein it is pending and the proceeding deemed a tort action brought against the United States under the provisions of Title 28 and all references thereto. Should a United States district court determine on a hearing on a motion to remand held before a trial on the merit that the case so removed is one in which a remedy by suit within the meaning of subsection (a) of this section is not available against the United States, the case shall be remanded to the State

Court: Provided, That where such a remedy is precluded because of the availability of a remedy through proceedings for compensation or other benefits from the United States as provided by any other law, the case shall be dismissed, but in the event the running of any limitation of time for commencing, or filing an application or claim in, such proceedings for compensation or other benefits shall be deemed to have been suspended during the pendency of the civil action or proceeding under this section.

\*　　\*　　\*

**(g) Exclusivity of remedy against United States for entities deemed Public Health Service employees; coverage for services furnished to individuals other than center patients; application process; subrogation of medical malpractice claims; applicable period; entity and contractor defined**

(1)(A) For purposes of this section and subject to the approval by the Secretary of an application under subparagraph (D), an entity described in paragraph (4), and any officer, governing board member, or employee of such an entity, and any contractor of such an entity who is a physician or other licensed or certified health care practitioner (subject to paragraph (5)), shall be deemed to be an employee of the Public Health Service for a calendar year that begins during a fiscal year for which a transfer was made under subsection (k)(3) (subject to paragraph (3)). The remedy against the United States for an entity described in paragraph (4) and any officer, governing board member, employee, or contractor (subject to paragraph (5)) of such an entity who is deemed to be an employee of the Public Health Service pursuant to this paragraph shall be exclusive of any other civil action or proceeding to the same extent as the remedy against the United States is exclusive pursuant to subsection (a).

(B) The deeming of any entity or officer, governing board member, employee, or contractor of the entity to be an employee of the Public Health Service for purposes of this section shall apply with respect to services provided--

(i) to all patients of the entity, and

(ii) subject to subparagraph (C), to individuals who are not patients of the entity.

(C) Subparagraph (B)(ii) applies to services provided to individuals who are not patients of an entity if the Secretary determines, after reviewing an application submitted under subparagraph (D), that the provision of the services to such individuals--

(i) benefits patients of the entity and general populations that could be served by the entity through community-wide intervention efforts within the communities served by such entity;

A4

(ii) facilitates the provision of services to patients of the entity; or

(iii) are otherwise required under an employment contract (or similar arrangement) between the entity and an officer, governing board member, employee, or contractor of the entity.

(D) The Secretary may not under subparagraph (A) deem an entity or an officer, governing board member, employee, or contractor of the entity to be an employee of the Public Health Service for purposes of this section, and may not apply such deeming to services described in subparagraph (B)(ii), unless the entity has submitted an application for such deeming to the Secretary in such form and such manner as the Secretary shall prescribe. The application shall contain detailed information, along with supporting documentation, to verify that the entity, and the officer, governing board member, employee, or contractor of the entity, as the case may be, meets the requirements of subparagraphs (B) and (C) of this paragraph and that the entity meets the requirements of paragraphs (1) through (4) of subsection (h).

(E) The Secretary shall make a determination of whether an entity or an officer, governing board member, employee, or contractor of the entity is deemed to be an employee of the Public Health Service for purposes of this section within 30 days after the receipt of an application under subparagraph (D). The determination of the Secretary that an entity or an officer, governing board member, employee, or contractor of the entity is deemed to be an employee of the Public Health Service for purposes of this section shall apply for the period specified by the Secretary under subparagraph (A).

(F) Once the Secretary makes a determination that an entity or an officer, governing board member, employee, or contractor of an entity is deemed to be an employee of the Public Health Service for purposes of this section, the determination shall be final and binding upon the Secretary and the Attorney General and other parties to any civil action or proceeding. Except as provided in subsection (i), the Secretary and the Attorney General may not determine that the provision of services which are the subject of such a determination are not covered under this section.

(G) In the case of an entity described in paragraph (4) that has not submitted an application under subparagraph (D):

(i) The Secretary may not consider the entity in making estimates under subsection (k)(1).

(ii) This section does not affect any authority of the entity to purchase medical malpractice liability insurance coverage with Federal funds provided to the entity under section 254b, 254b, or 256a1 of this title.

A5

(H) In the case of an entity described in paragraph (4) for which an application under subparagraph (D) is in effect, the entity may, through notifying the Secretary in writing, elect to terminate the applicability of this subsection to the entity. With respect to such election by the entity:

(i) The election is effective upon the expiration of the 30-day period beginning on the date on which the entity submits such notification.

(ii) Upon taking effect, the election terminates the applicability of this subsection to the entity and each officer, governing board member, employee, and contractor of the entity.

(iii) Upon the effective date for the election, clauses (i) and (ii) of subparagraph (G) apply to the entity to the same extent and in the same manner as such clauses apply to an entity that has not submitted an application under subparagraph (D).

(iv) If after making the election the entity submits an application under subparagraph (D), the election does not preclude the Secretary from approving the application (and thereby restoring the applicability of this subsection to the entity and each officer, governing board member, employee, and contractor of the entity, subject to the provisions of this subsection and the subsequent provisions of this section).

(2) If, with respect to an entity or person deemed to be an employee for purposes of paragraph (1), a cause of action is instituted against the United States pursuant to this section, any claim of the entity or person for benefits under an insurance policy with respect to medical malpractice relating to such cause of action shall be subrogated to the United States.

(3) This subsection shall apply with respect to a cause of action arising from an act or omission which occurs on or after January 1, 1993.

(4) An entity described in this paragraph is a public or non-profit private entity receiving Federal funds under section 254b of this title.

(5) For purposes of paragraph (1), an individual may be considered a contractor of an entity described in paragraph (4) only if--

(A) the individual normally performs on average at least 32 ½ hours of service per week for the entity for the period of the contract; or

(B) in the case of an individual who normally performs an average of less than 32 ½ hours of services per week for the entity for the period of the contract, the individual is a licensed or certified provider of services in the fields of family

practice, general internal medicine, general pediatrics, or obstetrics and gynecology.

**(h) Qualifications for designation as Public Health Service employee**

The Secretary may not approve an application under subsection (g)(1)(D) unless the Secretary determines that the entity--

(1) has implemented appropriate policies and procedures to reduce the risk of malpractice and the risk of lawsuits arising out of any health or health-related functions performed by the entity;

(2) has reviewed and verified the professional credentials, references, claims history, fitness, professional review organization findings, and license status of its physicians and other licensed or certified health care practitioners, and, where necessary, has obtained the permission from these individuals to gain access to this information;

(3) has no history of claims having been filed against the United States as a result of the application of this section to the entity or its officers, employees, or contractors as provided for under this section, or, if such a history exists, has fully cooperated with the Attorney General in defending against any such claims and either has taken, or will take, any necessary corrective steps to assure against such claims in the future; and

(4) will fully cooperate with the Attorney General in providing information relating to an estimate described under subsection (k).

\*   \*   \*

**(l) Timely response to filing of action or proceeding**

(1) If a civil action or proceeding is filed in a State court against any entity described in subsection (g)(4) or any officer, governing board member, employee, or any contractor of such an entity for damages described in subsection (a), the Attorney General, within 15 days after being notified of such filing, shall make an appearance in such court and advise such court as to whether the Secretary has determined under subsections (g) and (h), that such entity, officer, governing board member, employee, or contractor of the entity is deemed to be an employee of the Public Health Service for purposes of this section with respect to the actions or omissions that are the subject of such civil action or proceeding. Such advice shall be deemed to satisfy the provisions of subsection (c) that the Attorney General certify that an entity, officer, governing board member, employee, or contractor of the entity was acting within the scope of their employment or responsibility.

(2) If the Attorney General fails to appear in State court within the time period prescribed under paragraph (1), upon petition of any entity or officer, governing

board member, employee, or contractor of the entity named, the civil action or proceeding shall be removed to the appropriate United States district court. The civil action or proceeding shall be stayed in such court until such court conducts a hearing, and makes a determination, as to the appropriate forum or procedure for the assertion of the claim for damages described in subsection (a) and issues an order consistent with such determination.

\*   \*   \*